IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**EDGAR ELIZALDE-PEREZ**                                                        **PETITIONER**

**v.**                                                  **CIVIL ACTION NO. 3:18-CV-598-CWR-JCG**

**WARDEN CHERON NASH**                                                          **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and the Memorandum in Support (ECF No. 2) filed by Petitioner Edgar Elizalde-Perez. Respondent Warden Cheron Nash has filed a Response (ECF No. 20). Having considered the submissions of the parties and the relevant legal authority, the undersigned recommends that the Petition (ECF No. 1) be denied and the case dismissed.

## I. BACKGROUND

Elizalde-Perez[1] is currently incarcerated with the Federal Bureau of Prisons (the BOP) at the Federal Correctional Complex in Yazoo City, Mississippi. He was arrested on December 10, 2012 by the Dallas Texas Police Department on several outstanding warrants. On October 14, 2013, Perez was sentenced by the State of Texas to ten years for possession with intent to deliver a controlled substance. On November 6, 2013, Elizalde-Perez was indicted in the Northern District of Texas. From January 17, 2014 to December 10, 2014, the United States Marshals Service

---

[1] Elizalde-Perez has used several aliases, included Andres Flores (ECF No. 20-3). This name appears on records from the state of Texas (ECF Nos. 20-2, 20-5, 20-6). Elizalde-Perez has offered no evidence to contradict the Respondent's assertion that he also goes by Flores (ECF No. 20-1).

1

borrowed Elizalde-Perez under a federal writ of habeas corpus *ad prosequendum*. The United States District Court for the Northern District of Texas sentenced him to a 78-month term of imprisonment for possession with intent to distribute cocaine on December 1, 2014.

After returning to state custody on December 10, 2014, Elizalde-Perez continued to serve his state sentence until February 17, 2017. Thereafter, he was released to the exclusive custody of the United States Marshals. The BOP used February 17, 2017 as the commencement date in calculating his federal sentence. His release date is October 15, 2022. Elizalde-Perez filed the instant Petition on August 28, 2018. He argues that he is entitled to credit for time served from the date of his indictment, November 6, 2013, until his federal sentencing date, December 1, 2014, and the BOP erred in denying a *nunc pro tunc* designation. Specifically, he argues that the BOP did not provide any documentation to establish that he was granted state credit for that time and he is entitled to credit for concurrent sentences.

## II. DISCUSSION

A petitioner may attack the manner in which his sentence is being executed in the district court that has jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). Because Elizalde-Perez seeks credit for time served, he "does not question the legality of his conviction or the validity of the . . . federal prison term imposed by the sentencing court. His attack instead focuses on the extent to which his sentence has been executed."

*United States v. Gabor*, 905 F.2d 76, 77 (5th Cir. 1990) (quoting *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985)). This Court has jurisdiction over Warden Nash, thus Elizalde-Perez's claims are properly brought in this Court by means of a § 2241 petition. *Id.* at 78.

Federal habeas relief under 28 U.S.C. § 2241 is only available upon a petitioner's demonstration that the execution of his sentence "violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Once a district court sentences a federal offender, "the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a)). Thus, the BOP—not the district court—has the authority to award credit against a federal sentence for time spent in state custody under 18. U.S.C. 3585(b). *Id.* at 333; *United States v. Benavides-Hernandez*, 548 Fed. App'x 278, 279-80 (5th Cir. 2013).

Under section 3585, a sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility where the sentence is to be served." Under (b):

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offence for which the sentence was imposed;

3

that has not been credited against another sentence. 18 U.S.C. § 3585. A defendant is not entitled to receive "double credit" for time he has served. *See Wilson*, 503 U.S. at 337. As such, a prisoner is not entitled to credit "for time during which the inmate was serving a state sentence for offenses unrelated to federal charges." *Valdez v. Mosely*, No. 3:16-cv-239-TSL-RHW, 2018 WL 4622309, at *2 (S.D. Miss. Aug. 20, 2018) (citing *Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971); *Taylor v. Holt*, 309 Fed. App'x 591, 593 (3d Cir. 2009)).

Elizalde-Perez's Petition concerns the time he spent in custody between November 2013 and December 2014, as he believes it was not credited towards his state sentence. However, he began serving his state sentence on December 8, 2012.[2] The maximum expiration date of his sentence was December 8, 2022 (ECF No. 20-6). However, Texas released Elizalde-Perez on mandatory supervision on February 17, 2017. His Certificate of Mandatory Supervision (ECF No. 20-5) provides that "[t]his period of mandatory supervision shall be for a period equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence." It further provided that "[i]f mandatory supervision is satisfactorily completed, maximum expiration date will be [December 8, 2022]." Therefore, the time Elizalde-Perez spent in custody between November 2013 and December 2014 was credited towards his state sentence, and Elizalde-Perez does

---

[2] Although Elizalde-Perez was arrested on December 10, 2012, the State of Texas credited him with two days he spent in custody in November 2009. Therefore, it calculated the start date of his sentence as December 8, 2012 (ECF No. 20-1).

not satisfy the conditions of 18 U.S.C. §3585.

Further, with respect to 2014, Elizalde-Perez was borrowed from the state of Texas for federal prosecution. When a defendant in state custody "is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary . . . . A writ of habeas corpus *ad prosequendum* is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction." *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980). Because Elizalde-Perez was not in exclusive federal custody, his federal sentence had not begun. *See Stokes v. Longley*, No. 3:13-cv-824-DCB-MTP, 2015 WL 4430943, at *2 (S.D. Miss. July 17, 2015).

Elizalde-Perez's argument that he is entitled to a *nunc pro tunc* designation is similarly unavailing. "Where a federal sentence was imposed before a state sentence, the BOP may indirectly award credit for time served in state prison by designating *nunc pro tunc* the state prison as the place in which the prisoner serves a portion of his federal sentence." *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) (citing *Barden v. Keohane*, 921 F.2d 476, 480 (3d Cir. 1990); *Rodriguez v. Pitzer*, 76 Fed. App'x 519, 520 (5th Cir. 2003)). "The decision whether to designate a facility as a place of federal detention 'is plainly and unmistakably within the BOP's discretion . . . .'" *Abdul-Malki v. Hawk-Sawyer*, 403 F.3d 72, 76 (2d Cir. 2005) (quoting *Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002)). However, the prisoner is "entitled to 'fair treatment' on his application for *nunc pro tunc* designation of the state facility as a place of confinement for his federal sentence." *Barden*, 921 F.2d at 483

(cited with approval in *Hunter v. Tamez*, 622 F.3d 427, 429 (5th Cir. 2010); *United States v. Eiland*, 711 Fed. App'x 730, 731 (5th Cir. 2017)).

To receive such a designation, the federal sentence must be imposed before the state sentence, and the federal sentencing court must have intended that the federal sentence be served concurrently with a state sentence. *Pierce*, 614 F.3d at 160; *Rodriguez*, 76 Fed. App'x at 520. It is uncontroverted that Elizalde-Perez was sentenced in state court on October 14, 2013 and in federal court on December 1, 2014 (ECF Nos. 2 & 20). Therefore, Elizalde-Perez does not meet the first requirement.

Additionally, where "multiple terms of imprisonment are imposed at different times, they will run consecutively *unless* the district court specifically orders that they run concurrently." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003) (citing 18 U.S.C. § 3584(a)) (emphasis in original). Because the federal sentencing Judge did not order that Elizalde-Perez's federal sentence run concurrently with his state sentence (ECF No. 20-4), it was to run consecutively. Therefore, the BOP did not abuse its discretion in denying his request for a *nunc pro tunc* designation.

### III. RECOMMENDATION

Based on the foregoing reasons, the undersigned recommends that the Petition of Edgar Elizalde-Perez for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be denied.

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 16th day of March, 2020.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE